UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS VALLIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FERNANDO GONZALES, Warden,<br><br>　　　　Respondent. | 1:10-cv–01621-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR FAILURE TO ALLEGE FACTS ENTITLING PETITIONER TO RELIEF (DOCS. 21, 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND, DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE: THIRTY (30) DAYS |

　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition, which was served by mail on Petitioner and filed on September 27, 2011. Petitioner did not file opposition or notice of non-opposition to the motion.

　　I.　Proceeding by a Motion to Dismiss

　　Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty

1

1  Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.
2  Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d
3  1484, 1499 (9th Cir. 1997).
4    Rule 4 of the Rules Governing Section 2254 Cases in the
5  United States District Courts (Habeas Rules) allows a district
6  court to dismiss a petition if it "plainly appears from the face
7  of the petition and any exhibits annexed to it that the
8  petitioner is not entitled to relief in the district court...."
9    The Ninth Circuit has allowed respondents to file motions to
10 dismiss pursuant to Rule 4 instead of answers if the motion to
11 dismiss attacks the pleadings by claiming that the petitioner has
12 failed to exhaust state remedies or has violated the state's
13 procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418,
14 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss
15 a petition for failure to exhaust state remedies); White v.
16 Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to
17 review a motion to dismiss for state procedural default); Hillery
18 v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).
19 Thus, a respondent may file a motion to dismiss after the Court
20 orders the respondent to respond, and the Court should use Rule 4
21 standards to review a motion to dismiss filed before a formal
22 answer.  See, Hillery, 533 F. Supp. at 1194 & n.12.
23   In this case, upon being directed to respond to the petition
24 by way of answer or motion, Respondent filed the motion to
25 dismiss on the ground that Petitioner had not stated facts that
26 would entitle him to relief in a proceeding pursuant to 28 U.S.C.
27 § 2254.  The material facts pertinent to the motion are to be
28 found in the pleadings and in copies of the official records of

state prison and judicial proceedings which have been provided by the parties, and as to which there is no significant factual dispute.

Because Respondent's motion to dismiss is similar in procedural standing to motions to dismiss on procedural grounds, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Background

Petitioner, an inmate of the California Correctional Institution at Techachapi who is serving a twenty-year sentence, challenges his validation as an active gang member, which he alleges has resulted in his no longer receiving time credits. The Court's screening process has resulted in there being only one claim remaining in the petition, namely, that Petitioner received an unfair validation hearing because he was unable to attend an interview due to presence at another proceeding, which violated Petitioner's right to due process of law under the Fourteenth Amendment.  (Pet. 4-5.)

Although Petitioner alleges that he was unable to attend an interview because he was engaged in another proceeding, Respondent has submitted documentation that shows that on March 21, 2008, Petitioner was given twenty-four hours' notification as to the gang validation proceedings and disclosure of the source items to be relied on in the validation process.  (Mot., ex. 1, doc. 21, 6.)  Petitioner was afforded the opportunity to interview and to refute the source items.  The validation chronology specifically states:

On 03-24-08, Vallin was afforded the opportunity

3

>     to interview and refute the source items.  Vallin
>     elected to provide a written response in the form of
>     a 4 page single sided response to the source items.
>     Vallin's written response was reviewed and considered
>     by the IGI[1] and found that his claims have no merit
>     and do not warrant further investigation.  Vallin was
>     assigned a Staff assistant for the purpose of
>     Spanish to English translation for the initial
>     notification and response portion of the validation
>     process.

(Id.)  The chronology further reflects that all the evidence obtained in the investigation was forwarded to the OCS for consideration and acceptance for the validation of Petitioner as an associate of the Mexican Mafia prison gang.  Id.

Included in the petition is a copy of a four-page "INMATE VALIDATION STATEMENT," in which Petitioner responded to the gang validation information.  (Pet., doc. 1, 21-24.)

It may be inferred from Petitioner's filing habeas corpus petitions in the state court that challenge the gang validation determination that Petitioner received notice of the decision that he had been validated.

### III.  Failure to State a Cognizable Due Process Claim

Respondent argues that Petitioner's factual allegations and documentation of the gang validation procedures reflect that Petitioner received all the process that was due.

#### A.  Legal Standards

##### 1.  Habeas Corpus Relief

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation

---

[1] "IGI" appears to refer to P. Covello, the Institutional Gang Investigator at Ironwood State Prison, where Petitioner was housed at the time of the validation proceedings.  (Doc. 21, 6.)

4

of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Further, in order to obtain habeas relief, a petitioner must satisfy the requirements of 28 U.S.C. § 2254, which provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. <u>Cullen v. Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. <u>Lockyer v. Andrade</u>, 538 U.S. at 71-72.

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of

facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407.  An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

                2.   Due Process in Gang Validation Procedures

Indefinite placement in a restrictive "supermax" facility, where inmates are not eligible for parole consideration, imposes an "atypical and significant hardship within the correctional context."  Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005).

However, an inmate's interest in avoiding erroneous placement in administrative segregation is less than the interest in being free from confinement at all, so the procedural protections are less.  Wilkinson v. Austin, 545 U.S. at 225. Placement in administrative segregation draws on the experience of prison administrators, and the state's interest implicates the safety of other inmates and prison personnel.  Thus, the informal, non-adversary procedures set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1 (1979) (consideration of parole release) and Hewitt v. Helms, 459 U.S. 460 (1983) (consideration of transfer to administrative

6

segregation) are appropriate.  Wilkinson v. Austin, 545 U.S. at 228-29.  The process due thus includes 1) notice of the reasons for the placement, 2) an opportunity to be heard, and 3) notice of any adverse decision.  Id. at 228-29.

### B. Analysis

Here, in order for Petitioner to obtain habeas relief on his one remaining claim, he must show that the decision of the state court upholding in turn the decision of the prison administration to validate Petitioner as a gang member was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

However, the decisions of the Supreme Court do not require that a petitioner be present at an interview concerning his gang validation; rather, it is sufficient if the prisoner receives notice and an opportunity to be heard.  Petitioner does not dispute receipt of notice, and he admitted that he had an opportunity to submit a written statement concerning his gang validation.  Respondent's uncontradicted exhibits show that Petitioner's written statement was considered.  Thus, Petitioner had an opportunity to be heard.

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition

7

that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner has not stated specific facts that point to a real possibility of constitutional error. Petitioner's factual allegations demonstrate that Petitioner received all procedural protections that were due during his gang validation proceeding. Thus, granting leave to amend the petition would be futile.

Accordingly, it will be recommended that the petition be dismissed without leave to amend for failure to state facts that would entitle Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V.   Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition for failure to state facts entitling Petitioner to relief pursuant to 28 U.S.C. § 2254 be GRANTED; and

2) The petition be DISMISSED without leave to amend; and

3) The Court DECLINE to issue a certificate of

9

appealability; and

    4)  The Clerk be DIRECTED to close the case because dismissal will terminate the action in its entirety.

    These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **January 1, 2012**             **/s/ Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE